FRANKLIN EASTMAN *versus* CARROL COUNTY M. F. INS. CO.

A void policy of insurance is not rendered valid by an assignment of the holder's interest therein, approved by the directors of the company that issued it; and the assignee cannot maintain an action upon it.

ASSUMPSIT upon a policy of insurance.

On the last day of January, 1851, Ira Ramsell applied to the defendant corporation for insurance upon his buildings, representing them to be free from incumbrance, and guaranteeing a lien thereon. The company issued a policy thereon February 3, 1851.

At the time when this policy was issued, Ramsell was not the owner of the property, but the title was in one John Jameson. On the 8th of February, Jameson conveyed the property to the plaintiff, and the policy of insurance was assigned to the plaintiff by Ramsell, with the consent of the directors of the company. The following is a copy of the assignment.

"Carrol County Mutual Fire Insurance Company. Having sold and conveyed the buildings within mentioned, and the land whereon they stand, to Franklin Eastman, I hereby assign to him the policy of insurance within written, to hold the same, subject to all the liabilities and entitled to all the benefits to which I am liable and entitled by virtue thereof.

"Ira Ramsell.

"The directors consent.

"D. H. Folsom, Daniel Hoit, *Directors.*
"Dated March 27, 1851.

"Attest: M. H. Marston, *Secretary.*"

The property described in the policy was destroyed by fire June 9, 1852, and the defendants were duly notified thereof; but they declined to pay it on the ground that the policy was void, Ramsell, to whom it was originally issued, having never had any insurable interest therein. Sept. 19, 1853, the company assessed upon the premium note given by the plaintiff $1,50, which he paid Nov. 10, 1853.

*Hammons,* for the plaintiff: —

Contended that the policy, though originally void in the hands of Ramsell, was made valid as to the plaintiff by the ratification of the assignment to him.

The contract between the company and an assignee of a policy, is an independent contract. It is a new promise made to a new party, upon a new consideration. It is not essential, therefore, that the original promise should have been binding. It is on the ground that the contract is entirely new, that an assignee may maintain an action against the company in his own name. *Crocker* v. *Whitney,* 10 Mass. 316; *Wilson* v. *Hill,* 3 Met. 69; *Kingsley* v. *N. E. Mut. Fire Insurance Co.,* 8 Cush. 400.

The company also ratified the contract as between themselves and the defendant, by making an assessment upon the premium note given by him, and collecting the same. The contract was mutual. The premium note given by the plaintiff was the consideration of the new promise made by the defendant corporation to him. They will not be permitted to collect the note and then deny their liability upon the contract for which it was given.

*John N. Goodwin* argued for the defendants.

The policy, when issued to Ramsell, and, while held by him, was void.

*First:*—It was void by the provisions and stipulations of the application, upon which the policy was issued, and by the by-laws of the company.

Article 10, of the by-laws provides, that " the applicant for insurance shall be required to make a true representation in

writing of the situation of the property on which he asks insurance, and of his title and interest therein." And, by article 15, of the by-laws, it is provided, that " in case of alienation, the policy shall be void."

Section 1st, of the Act of incorporation, authorizes the company to make such by-laws, not being contrary to the laws of the State, as may be necessary.

In the application for insurance, made by said Ramsell, which is made part of the policy, in answer to the question, whether " the buildings are incumbered by mortgage or otherwise," said Ramsell replies, " not incumbered."

He also, in the application, gives the company a lien on the property insured.

It is quite clear that the 15th article of the by-laws requires the applicant to state, in answer to the last question, his title to the property; and, it is equally plain, that the applicant's representations of title, made in his answer, were false and *fraudulent.* This avoids the policy. *Davenport* v. *N. E. Insurance Co.,* 6 Cush. 340; *Warren* v. *Middlesex Assurance Co.,* 21 Conn. 444; *Brown* v. *Williams,* 28 Maine, 252; *Burritt* v. *Saratoga M. F. Insurance Co.,* 5 Hill, 191.

*Second:* — That it is essential to every contract of insurance, that the assured should have an interest at risk. If he has no interest, or if his interest is not at risk, he can be liable to no loss, and, accordingly, there is nothing against which the insurer can agree to indemnify him. 1 Phillips on Insurance c. 3, § § 172, 346.

There can be no question that the policy, while in the hands of Ramsell, was void; and we contend that, if void in the hands of Ramsell, it is also void in the hands of his assignee. *Barrett* v. *Union Mutual Fire Ins. Co.,* 7 Cush. 175.

The right to assign a policy of insurance, is given to a member of the company; it is for his advantage and is his privilege. He has paid, in advance, to the company the cost of taking an application, survey, &c., the fee for his policy during the whole term of insurance, and, in disposing of the property so insured, this provision gives him the right to

transfer these benefits to his grantee, and, in that way, to re-cover from the assignee of the policy the sums so advanced by him.

This privilege can only be exercised by a member of the company, and one legally insured therein, and that alone con-stitutes membership.

But Ramsell's policy was void; he never was a member of the company, and is not entitled to this privilege.

The right to assign is based upon an alienation by the in-sured. The insured in this case, did not alien, or sell the property to the assignee. He had no interest in it or right to assign it.

The representation made by Ramsell in the assignment, "having sold the buildings and the land whereon they stand, to Franklin Eastman, I hereby assign," &c., is false, and was known to be so by said Ramsell and by the plaintiff. The plaintiff takes the assignment subject to the provisions of the charter and by-laws. The law presumes him to be acquaint-ed with them, and, if an assignment by Ramsell to him was, by the charter and by-laws, void, he is presumed to know that fact.

He is not an innocent party in the transaction. He knew that Ramsell's policy was void; that he was not a member; that he had no right to assign.

The company and its agents were not acquainted with the facts.

By one of the liabilities to which the said Ramsell was subject, the policy was void. The assignee then, with the director's consent, agrees to take a void policy. The assignee is entitled to all its benefits, and those only to which said Ramsell was entitled by virtue of the policy.

Ramsell was entitled to no benefit from the policy, if void, and his assignee, consequently, is entitled to none.

The effect of the assignment to the plaintiff, was to put him in the same situation, and to confer upon him the same rights, as to the future, as if he had been the original assured. *Hooper* v. *Hudson River Fire Ins. Co.*, 15 Barbour, 414.

An assignment makes no new contract; it places the assignee in the same, but in no better situation, than that in which the assured stood, prior to the assignment.

If the policy had not been assigned, and said Ramsell had acquired a title to the property, instead of the assignee, and the policy had remained in his hands until the loss happened, he could not recover.

A fire policy can be made only upon an interest subsisting at the time. Phillips on Ins. vol. 1, (4th ed.) 117.

The policy was void in its inception. It was a fraud upon the company; no act of theirs could bind them, and render them liable to him, unless with a full knowledge of the forfeiture, and by an express ratification. How then can they be made liable to the assignee, who takes only the rights which the assignor had?

Any defence which would have been available against the assignor of the policy, as a contract of insurance, or without an alienation of the property, will be equally so against the assignee; and, therefore, it does not appear to be essential to guard by stringent provisions, against a transfer merely of the policy. Angell on Fire & Life Insurance, § 214.

It is contended by the plaintiff's counsel, that an assessment made by the defendant corporation against the plaintiff upon this policy, and a payment by him, are a waiver of all forfeitures, and a ratification to him of the policy. This position is not sustained by the authorities. The question, whether the forfeiture in such case is susceptible of being waived by an assessment, is fully discussed in *Neely* v. *The Onondaga M. Fire Ins. Co.*, 7 Hill, 49; and the opinion of the Court was strong against the possibility of such a waiver.

It has been considered, that "whatever may be the sounder view on this point, it is well settled that no act can have the effect of a waiver, unless it is shown to have been done with the full knowledge that the forfeiture existed, when it is alleged to have been waived. Angell on Insurance, § 219; 2 Am. Leading Cases, 522; *Allen* v. *Vermont M. Fire Ins.*

*Co.*, 12 Vermont, 366. No such knowledge is shown on the part of the defendants in this case.

The opinion of the Court was drawn up by

MAY. J. — The defendants are a Mutual Fire Insurance Company, a corporation created by the Legislature of the State of New Hampshire, and this action is brought upon a policy of insurance originally given. to one Ira Ramsell, a resident of this State, and by him assigned to the plaintiff. It appears from the application of said Ramsell, which forms a part of the policy, that when the insurance was procured he represented that the property insured was not incumbered by mortgage, or otherwise, and a lien was given to the company thereon, for the payment of all assessments. It turns out, however, that said Ramsell had no title or interest in the property; and that the title then was, and continued to remain in one John Jameson until he conveyed to the plaintiff, Feb. 8, 1851.

It is conceded, in the argument for the plaintiff, that the policy, by reason of the fact before stated, was void while it remained in the hands of said Ramsell; but, it is contended, that it became valid and binding upon the company by virtue of an assignment from said Ramsell to the plaintiff, bearing date, March 27, 1851, the same having been consented to in writing by the defendants, or their agents, when made. The plaintiff claims to recover as assignee of the policy, the property insured having been consumed by fire on the ninth day of June, 1852, at which time he was the owner.

The policy was issued subject to the by-laws of said company. By article 15 of these, it is provided that, "in case of the alienation of any house or building by sale or otherwise, or in case of removal, where furniture or goods only were insured, the policy shall thereupon be void, and shall be surrendered to the directors to be canceled; and, on such surrender, the insured shall be entitled to recover his deposit notes on payment of such proportion of all losses and ex-

penses prior to such surrender, provided that the grantee or alienee above named, having the policy assigned to him, may have the same ratified and confirmed for his benefit on application to the directors within thirty days, and giving security to their satisfaction for the remaining term of the policy; and, in such case, he shall be entitled to all the privileges, and incur all the liabilities of the institution equally with other members." It was, undoubtedly, the intention of the parties to said assignment, and of the defendants' agents in consenting thereto, that it should have effect under and by virtue of said by-law. No other clause is found, either in the charter or by-laws of the defendants, which confers upon their directors any authority to bind the company by reason of any assignment of a policy not made in pursuance of said by-law. The directors, therefore, can bind the company only when acting in accordance with its provisions, and in the cases therein provided.

In the case under consideration, were the acts of the directors authorized by the by-laws? or, in other words, was the assignment relied on, as a ratification or confirmation of the original policy, made in pursuance of its provisions? Was there an *alienation* of the property insured such as the by-law contemplates, and, if so, was the application for consent to the assignment of the policy seasonably made? The policy was issued upon the understanding that the assured was the owner of the property insured. It is so in all cases. When, therefore, the by-law speaks of an alienation by sale, or otherwise, it manifestly means an alienation by the party insured. The conveyance, therefore, from John Jameson to the plaintiff, was not an alienation within its meaning. He had no interest in the policy, and the defendants were in no way responsible to him. The alienation by him could not render the policy void, because, while Ramsell held the policy, the rights of the defendants would not be affected by the sale. It was a matter of indifference to them whether Jameson or his grantee were the owners of the property insured. If the party insured, at the time of the issuing of the policy, had no interest

in the property covered by it, then the policy was void. He must, therefore, have had an insurable interest in the property when insured, to make the policy valid; and it is an alienation of that interest which alone can render the policy void; and the authority of the directors, under the by-law, to ratify and confirm assignments in cases of the sale or alienation of the property insured, applies only to policies which are made void by such an alienation, and not to such as were originally void. The alienation, therefore, referred to in the by-law, must of necessity be made by the party who is insured. If, however, the contingency upon which the directors are empowered to act had occurred, as no application was made to them within thirty days after the conveyance from Jameson to the plaintiff, the power conferred by the by-law had, by express limitation, ceased to exist long before the action on their part upon which the plaintiff relies. For the reasons before stated, the assignment of the policy was inoperative, and no new force was imparted by it to the policy in suit.

If, however, the difficulties which have been suggested could be avoided, there is still an obstacle in the way of the plaintiff's recovery. The assignment itself recites that the plaintiff is to hold the policy "*subject to all the liabilities and entitled to all the benefits to which he, the said Ramsell, was entitled by virtue thereof.*" It does not profess to create any new rights, but simply to transfer subsisting ones. The defendants, when they consented to its transfer, do not appear to have been aware that Ramsell was not the owner of the property to which the policy was designed to attach. They must have supposed from the language of the assignment, (in which he speaks of having sold and conveyed the buildings to the plaintiff,) that he was the owner, and that it was therefore subject to the lien which was referred to in his application for insurance. From this application, and from the recitals in the assignment, the directors, at the time they consented to the transfer, had good reason to believe that the policy was then valid, and that the title to the property insured was in Ramsell, and that it remained in him until his conveyance to the

Eastman *v.* Carrol Co. Mutual Fire Insurance Co.

plaintiff. They might, therefore, well conclude that the lien provided for in the policy, inasmuch as the plaintiff took the policy subject to all the liabilities of Ramsell, would continue upon the property insured, notwithstanding its conveyance, and be sufficient security for all assessments then and subsequently to be made. Hence the defendants neither took nor required any new note or security therefor, and the plaintiff gave no lien upon the property after it was conveyed to him. The lien, therefore, which was contemplated by the parties to the policy, and which was then understood to exist, never did, in fact, attach. In this, the defendants or their agents were deceived, being led into error by the misrepresentations of Ramsell, in regard to his title, as contained in his application to be insured, and repeated in the assignment with the knowledge and assent of the plaintiff. Under such circumstances, we think, it cannot properly be said that the defendants, by the written consent of their directors to the assignment upon the policy in suit, have either ratified or confirmed the same, so as to make the policy, which is conceded to have been originally void, a valid contract in the hands of the plaintiff; and, for this reason, this action cannot be maintained.

*Plaintiff nonsuit.*

[This case was submitted to the full Court upon an agreed statement of facts; and TENNEY, C. J., HATHAWAY, CUTTING, GOODENOW, and DAVIS, J. J., concurred in the opinion that the action could not be maintained.]